IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
|---|---|
| v. | Case No. \: 20-cr-68 |
| DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD; KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN; STEPHEN TRAMELL MASON, a/k/a MACE; MARK ANTHONY SLAUGHTER, a/k/a NICK; ELENA SHADE FRAGOZA; DAJANIQUE NCHE MARSHALL; HARLEE ROSE LEIER; DARNELL WAYNE SYLVESTER, a/k/a NELL; TESSA DAWN FOX; ZELDON EKOKOBE; LAYTON LAWRENCE DUCHAINE; DESIRAEY AMBER BOLMAN; COREY CALVIN ESLINGER; ELIJAH K. THOMPSON; CELIA SCHOEPP; ISAIAH NATHANIEL MOSES, a/k/a JAVIER WOLFE, a/k/a JAVI; SKYE DANIEL DAVIS; TORIANO CORNELL DAVIS, a/k/a GHOST; CEDAR DAWN LITTLE SWALLOW; CEEJAY TRUFFLE SIERS; TATUM LEIGH PAASCH; GAYLEN MORAY WELLS; TERRANCE JALAND BLUE; DAMARCUS DARNELL KAIGLER; DRESHON JERMAINE MARSHALL; ELIJAH PETER JACKSON; MICHAEL FRANK GOOD BIRD; and MIA TEANNA GUTIERREZ | Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), 846, 848(a), 848(c), 856(a)(1) and 856(b); and 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 |

## COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Substances**

The Grand Jury Charges:

Beginning in or about 2016 and continuing until in or about the date of this

Indictment, in the District of North Dakota, and elsewhere,

DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O
PLOMO, a/k/a DAD;
KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN;
STEPHEN TRAMELL MASON, a/k/a MACE;
MARK ANTHONY SLAUGHTER, a/k/a NICK;
ELENA SHADE FRAGOZA;
DAJANIQUE NCHE MARSHALL;
HARLEE ROSE LEIER;
DARNELL WAYNE SYLVESTER, a/k/a NELL;
TESSA DAWN FOX;
ZELDON EKOKOBE;
LAYTON LAWRENCE DUCHAINE;
DESIRAEY AMBER BOLMAN;
COREY CALVIN ESLINGER;
ELIJAH K. THOMPSON;
CELIA SCHOEPP;
ISAIAH NATHANIEL MOSES, a/k/a JAVIER WOLFE, a/k/a JAVI;
SKYE DANIEL DAVIS;
TORIANO CORNELL DAVIS, a/k/a GHOST;
CEDAR DAWN LITTLE SWALLOW;
CEEJAY TRUFFLE SIERS;
TATUM LEIGH PAASCH;
GAYLEN MORAY WELLS;
TERRANCE JALAND BLUE;
DAMARCUS DARNELL KAIGLER;
DRESHON JERMAINE MARSHALL;
ELIJAH PETER JACKSON;
MICHAEL FRANK GOODBIRD; and
MIA TEANNA GUTIERREZ,

2

knowingly and intentionally combined, conspired, confederated, and agreed with each

other and others, both known and unknown to the grand jury, to distribute and possess

with intent to distribute: (i) a mixture and substance containing a detectable amount of

oxycodone, a Schedule II controlled substance; (ii) a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance; and (iii) a mixture and

substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>Drug Quantity</u>

With respect to DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a

D, a/k/a PLATA O PLOMO, a/k/a DAD, and COREY CALVIN ESLINGER, the amount

of heroin involved in the conspiracy attributable to each of these individuals as a result of

that individual's own conduct, and the conduct of other conspirators reasonably

foreseeable to that individual, is 100 grams or more of a mixture and substance

containing a detectable amount of heroin, in violation of Title 21, United States Code,

Section 841(b)(1)(B).

With respect to DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a

D, a/k/a PLATA O PLOMO, a/k/a DAD; and COREY CALVIN ESLINGER, the amount

of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide")

involved in the conspiracy attributable to each of these individuals as a result of that

individual's own conduct, and the conduct of other conspirators reasonably foreseeable to

that individual, is 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"),

in violation of Title 21, United States Code, Section 841(b)(1)(B).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others would and

did distribute, and possess with intent to distribute, pills containing a detectable amount

of oxycodone, a Schedule II controlled substance, in and about Bismarck and Minot,

North Dakota, the Fort Berthold Indian Reservation in North Dakota, and elsewhere;

2.      It was further a part of said conspiracy that one or more conspirators would

and did distribute, and possess with intent to distribute, quantities of heroin, fentanyl

(a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), and a substance

containing a mixture of heroin and fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide");

3.      It was further a part of said conspiracy that the defendants and others would

and did attempt to conceal their activities;

4.      It was further a part of said conspiracy that the defendants and others would

and did use United States currency in their drug transactions;

5.      It was further a part of said conspiracy that the defendants and others would

and did use telecommunication facilities, including cellular telephones, to facilitate the

distribution of controlled substances and collection of drug proceeds;

6. It was further a part of said conspiracy that the defendants and others would and did use social media applications, such as FaceTime and Facebook Messenger, to communicate with coconspirators;

7. It was further a part of said conspiracy that one or more of the defendants traveled between Michigan and North Dakota via bus, automobile, airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

8. It was further a part of said conspiracy that conspirators utilized residences in Bismarck, North Dakota, and the Fort Berthold Indian Reservation to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct;

9. It was further a part of said conspiracy that conspirators shipped and had transported controlled substances via FedEx and other commercial carrier from outside North Dakota to Bismarck, North Dakota, and elsewhere;

10. It was further a part of said conspiracy that conspirators sent proceeds of drug trafficking activity to other persons via money wire services, such as Ria Financial (Walmart to Walmart), MoneyGram, and Western Union;

11. It was further a part of said conspiracy that conspirators possessed firearms to protect their supply of oxycodone pills, and to intimidate other persons;

In violation of Title 21, United States Code, Section 846; and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Continuing Criminal Enterprise

The Grand Jury Further Charges:

From in or about 2018 to the present, in the District of North Dakota, and elsewhere,

DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D,
a/k/a PLATA O PLOMO, a/k/a DAD,

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he did violate Title 21, United States Code, Sections 841(a)(1) and 846 including, but not limited to, the violation alleged in Count One of this Indictment. This count is incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations.

These continuing series of violations were undertaken by DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD, in concert with at least five other persons with respect to whom DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD, occupied a position of organizer, supervisor, and manager including, but not limited to, the following individuals: (1) A.W.F.; (2) E.D.; (3) M.S.; (4) C.B.; (5) A.R.; (6) D.G.; (7) KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN; (8) ISAIAH NATHANIEL MOSES, a/k/a JAVIER WOLFE, a/k/a JAVI; (9) COREY CALVIN ESLINGER; (10) ELIJAH K. THOMPSON; (11) CELIA SCHOEPP; (12) MICHAEL FRANK GOODBIRD; and (13) MIA TEANNA GUTIERREZ.

6

From this continuing series of violations, DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD, obtained substantial income;

In violation of Title 21, United States Code, Sections 848(a) and 848(c).

## COUNT THREE

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

In or about May 2020, in the District of North Dakota, and elsewhere,

KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN, and
DRESHON JERMAINE MARSHALL,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately nine hundred and twenty-six (926) pills that were a

mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

8

## COUNT FOUR

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

On or about May 3, 2020, in the District of North Dakota, and elsewhere,

DAMARCUS DARNELL KAIGLER,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately one hundred and ninety (190) pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

On or about January 13, 2020, in the District of North Dakota, and elsewhere,

### SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately one hundred and eighteen (118) pills that were a

mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT SIX

### Distribution of Oxycodone

The Grand Jury Further Charges:

On or about January 13, 2020, in the District of North Dakota, and elsewhere,

SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately five (5) pills that were a mixture and substance containing a detectable

amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

11

## COUNT SEVEN

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

On or about October 3, 2019, in the District of North Dakota, and elsewhere,

MARK ANTHONY SLAUGHTER, a/k/a NICK,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately two hundred and thirty-five (235) pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

On or about December 3, 2018, in the District of North Dakota, and elsewhere,

### GAYLEN MORAY WELLS,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately twenty-six (26) pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINE

### Possession with Intent to Distribute Oxycodone

The Grand Jury Further Charges:

On or about December 18, 2018, in the District of North Dakota, and elsewhere,

### GAYLEN MORAY WELLS,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately six hundred and nine (609) pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

14

## COUNT TEN

### Maintaining Drug-Involved Premises

The Grand Jury Further Charges:

Beginning in or about 2019 and continuing until in or about January 2020, in the District of North Dakota, and elsewhere,

### SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, SKYE DANIEL DAVIS opened, used, and maintained an apartment on Xavier Street in Bismarck, North Dakota, for purposes of distributing a mixture and substance containing oxycodone, a Schedule II controlled substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

### Maintaining Drug-Involved Premises

The Grand Jury Further Charges:

Beginning in or about 2018 and continuing until in or about 2019, in the District of North Dakota, and elsewhere,

ELENA SHADE FRAGOZA,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, ELENA SHADE FRAGOZA opened, used, and maintained an apartment on Indiana Avenue in Bismarck, North Dakota, for purposes of distributing a mixture and substance containing oxycodone, a Schedule II controlled substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

## COUNT TWELVE

### Possession with Intent to Distribute Heroin

The Grand Jury Further Charges:

On or about January 28 - 29, 2020, in the District of North Dakota, and elsewhere,

ELIJAH K. THOMPSON and
CELIA SCHOEPP,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 45 grams (gross weight) of a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

17

## COUNT THIRTEEN

### Distribution of Heroin

The Grand Jury Further Charges:

On or about January 28 - 29, 2020, in the District of North Dakota, and elsewhere,

ELIJAH K. THOMPSON and
CELIA SCHOEPP,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately 3.5 grams of a mixture and substance containing a detectable amount of

heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

18

## COUNT FOURTEEN

### Possession with Intent to Distribute Heroin

The Grand Jury Further Charges:

On or about February 28, 2020, in the District of North Dakota, and elsewhere,

### COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately thirty-two (32) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

### Possession of a Firearm by a Prohibited Person

The Grand Jury Further Charges:

On or about October 9, 2019, in the District of North Dakota,

### COREY CALVIN ESLINGER,

knowing that he had previously been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, to wit:

- Possession of a Controlled Substance (Methamphetamine), a felony, on or about June 4, 2014, in McLean County, North Dakota, District Court, Case Number 28-2014-K-00126;

- Possession of a Controlled Substance (Methamphetamine), a felony, on or about November 12, 2015, in McLean County, North Dakota, District Court, Case Number 28-2015-K-00307; and

- Conspiracy to Commit Burglary (Count 5), Conspiracy to Commit Burglary (Count 7), Conspiracy to Commit Theft of Property (Count 8), and Conspiracy to Commit Burglary (Count 9), all felonies, on or about April 20, 2011, and revoked on or about March 25, 2014, in McLean County, North Dakota, District Court, Case Number 28-10-K-302,

did knowingly possess in and affecting commerce a firearm, that is, the following:

- One Glock, Model 42, .380 auto caliber pistol, Serial Number AAZP137;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

<u>COUNT SIXTEEN</u>

**Possession with Intent to Distribute Controlled Substances**
**(Heroin / Fentanyl mixture)**

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 20 grams of: (i) a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance, and (ii) a mixture and

substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

### Possession with Intent to Distribute Fentanyl
### (40 grams or more – mixture)

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"),

a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

### Possession with Intent to Distribute Methamphetamine

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

### COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 20 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINETEEN

### Distribution of Methamphetamine

The Grand Jury Further Charges:

On or about August 5, 2019, in the District of North Dakota, and elsewhere,

### COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally distributed approximately 1 gram of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY

**Distribution of Controlled Substances (Heroin / Fentanyl)**

The Grand Jury Further Charges:

On or about August 5, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately one-half (1/2) gram of: (i) a mixture and substance containing a detectable

amount of heroin, a Schedule I controlled substance, and (ii) a mixture and substance

containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
Foreperson

_____
DREW H. WRIGLEY
United States Attorney

RLV/sj

25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| DAMONE KEITH ADAMS II, | Violations:  21 U.S.C. §§ 841(a)(1), |
| a/k/a BLACK, a/k/a DAME, a/k/a D, | 841(b)(1)(B), 841(b)(1)(C), 846, 848(a), |
| a/k/a PLATA O PLOMO, a/k/a DAD; | 848(c), 856(a)(1) and 856(b); and 18 |
| KAYCEE REMONE HEARD, | U.S.C. §§ 922(g)(1), 924(a)(2), and 2 |
| a/k/a KAYCEE BALLHARD, | |
| a/k/a JUAN; | |
| STEPHEN TRAMELL MASON, | |
| a/k/a MACE; | |
| MARK ANTHONY SLAUGHTER, | |
| a/k/a NICK; | |
| ELENA SHADE FRAGOZA; | |
| DAJANIQUE NCHE MARSHALL; | |
| HARLEE ROSE LEIER; | |
| DARNELL WAYNE SYLVESTER, | |
| a/k/a NELL; | |
| TESSA DAWN FOX; | |
| ZELDON EKOKOBE; | |
| LAYTON LAWRENCE DUCHAINE; | |
| DESIRAEY AMBER BOLMAN; | |
| COREY CALVIN ESLINGER; | |
| ELIJAH K. THOMPSON; | |
| CELIA SCHOEPP; | |
| ISAIAH NATHANIEL MOSES, | |
| a/k/a JAVIER WOLFE, a/k/a JAVI; | |
| SKYE DANIEL DAVIS; | |
| TORIANO CORNELL DAVIS, | |
| a/k/a GHOST; | |
| CEDAR DAWN LITTLE SWALLOW; | |
| CEEJAY TRUFFLE SIERS; | |
| TATUM LEIGH PAASCH; | |
| GAYLEN MORAY WELLS; | |
| TERRANCE JALAND BLUE; | |
| DAMARCUS DARNELL KAIGLER; | |
| DRESHON JERMAINE MARSHALL; | |
| ELIJAH PETER JACKSON; | |
| MICHAEL FRANK GOOD BIRD; and | |
| MIA TEANNA GUTIERREZ | |

<u>COUNT ONE</u>

**Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Substances**

The Grand Jury Charges:

Beginning in or about 2016 and continuing until in or about the date of this

Indictment, in the District of North Dakota, and elsewhere,

DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O
PLOMO, a/k/a DAD;
KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN;
STEPHEN TRAMELL MASON, a/k/a MACE;
MARK ANTHONY SLAUGHTER, a/k/a NICK;
ELENA SHADE FRAGOZA;
DAJANIQUE NCHE MARSHALL;
HARLEE ROSE LEIER;
DARNELL WAYNE SYLVESTER, a/k/a NELL;
TESSA DAWN FOX;
ZELDON EKOKOBE;
LAYTON LAWRENCE DUCHAINE;
DESIRAEY AMBER BOLMAN;
COREY CALVIN ESLINGER;
ELIJAH K. THOMPSON;
CELIA SCHOEPP;
ISAIAH NATHANIEL MOSES, a/k/a JAVIER WOLFE, a/k/a JAVI;
SKYE DANIEL DAVIS;
TORIANO CORNELL DAVIS, a/k/a GHOST;
CEDAR DAWN LITTLE SWALLOW;
CEEJAY TRUFFLE SIERS;
TATUM LEIGH PAASCH;
GAYLEN MORAY WELLS;
TERRANCE JALAND BLUE;
DAMARCUS DARNELL KAIGLER;
DRESHON JERMAINE MARSHALL;
ELIJAH PETER JACKSON;
MICHAEL FRANK GOODBIRD; and
MIA TEANNA GUTIERREZ,

knowingly and intentionally combined, conspired, confederated, and agreed with each

other and others, both known and unknown to the grand jury, to distribute and possess

with intent to distribute: (i) a mixture and substance containing a detectable amount of

oxycodone, a Schedule II controlled substance; (ii) a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance; and (iii) a mixture and

substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>Drug Quantity</u>

With respect to DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a

D, a/k/a PLATA O PLOMO, a/k/a DAD, and COREY CALVIN ESLINGER, the amount

of heroin involved in the conspiracy attributable to each of these individuals as a result of

that individual's own conduct, and the conduct of other conspirators reasonably

foreseeable to that individual, is 100 grams or more of a mixture and substance

containing a detectable amount of heroin, in violation of Title 21, United States Code,

Section 841(b)(1)(B).

With respect to DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a

D, a/k/a PLATA O PLOMO, a/k/a DAD; and COREY CALVIN ESLINGER, the amount

of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide")

involved in the conspiracy attributable to each of these individuals as a result of that

individual's own conduct, and the conduct of other conspirators reasonably foreseeable to

that individual, is 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"),

in violation of Title 21, United States Code, Section 841(b)(1)(B).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others would and

did distribute, and possess with intent to distribute, pills containing a detectable amount

of oxycodone, a Schedule II controlled substance, in and about Bismarck and Minot,

North Dakota, the Fort Berthold Indian Reservation in North Dakota, and elsewhere;

2.      It was further a part of said conspiracy that one or more conspirators would

and did distribute, and possess with intent to distribute, quantities of heroin, fentanyl

(a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), and a substance

containing a mixture of heroin and fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide");

3.      It was further a part of said conspiracy that the defendants and others would

and did attempt to conceal their activities;

4.      It was further a part of said conspiracy that the defendants and others would

and did use United States currency in their drug transactions;

5.      It was further a part of said conspiracy that the defendants and others would

and did use telecommunication facilities, including cellular telephones, to facilitate the

distribution of controlled substances and collection of drug proceeds;

6.     It was further a part of said conspiracy that the defendants and others would and did use social media applications, such as FaceTime and Facebook Messenger, to communicate with coconspirators;

7.     It was further a part of said conspiracy that one or more of the defendants traveled between Michigan and North Dakota via bus, automobile, airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

8.     It was further a part of said conspiracy that conspirators utilized residences in Bismarck, North Dakota, and the Fort Berthold Indian Reservation to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct;

9.     It was further a part of said conspiracy that conspirators shipped and had transported controlled substances via FedEx and other commercial carrier from outside North Dakota to Bismarck, North Dakota, and elsewhere;

10.     It was further a part of said conspiracy that conspirators sent proceeds of drug trafficking activity to other persons via money wire services, such as Ria Financial (Walmart to Walmart), MoneyGram, and Western Union;

11.     It was further a part of said conspiracy that conspirators possessed firearms to protect their supply of oxycodone pills, and to intimidate other persons;

In violation of Title 21, United States Code, Section 846; and Pinkerton v. United States, 328 U.S. 640 (1946).

5

COUNT TWO

**Continuing Criminal Enterprise**

The Grand Jury Further Charges:

From in or about 2018 to the present, in the District of North Dakota, and

elsewhere,

DAMONE KEITH ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D,
a/k/a PLATA O PLOMO, a/k/a DAD,

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he

did violate Title 21, United States Code, Sections 841(a)(1) and 846 including, but not

limited to, the violation alleged in Count One of this Indictment.  This count is

incorporated herein by reference.  The above-described violations were, and are, part of a

continuing series of violations.

These continuing series of violations were undertaken by DAMONE KEITH

ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD,

in concert with at least five other persons with respect to whom DAMONE KEITH

ADAMS II, a/k/a BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD,

occupied a position of organizer, supervisor, and manager including, but not limited to,

the following individuals:  (1) A.W.F.; (2) E.D.; (3) M.S.; (4) C.B.; (5) A.R.; (6) D.G.;

(7) KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN;

(8) ISAIAH NATHANIEL MOSES, a/k/a JAVIER WOLFE, a/k/a JAVI; (9) COREY

CALVIN ESLINGER; (10) ELIJAH K. THOMPSON; (11) CELIA SCHOEPP; (12)

MICHAEL FRANK GOODBIRD; and (13) MIA TEANNA GUTIERREZ.

From this continuing series of violations, DAMONE KEITH ADAMS II, a/k/a

BLACK, a/k/a DAME, a/k/a D, a/k/a PLATA O PLOMO, a/k/a DAD, obtained

substantial income;

In violation of Title 21, United States Code, Sections 848(a) and 848(c).

<u>COUNT THREE</u>

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

In or about May 2020, in the District of North Dakota, and elsewhere,

KAYCEE REMONE HEARD, a/k/a KAYCEE BALLHARD, a/k/a JUAN, and
DRESHON JERMAINE MARSHALL,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately nine hundred and twenty-six (926) pills that were a

mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

On or about May 3, 2020, in the District of North Dakota, and elsewhere,

DAMARCUS DARNELL KAIGLER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately one hundred and ninety (190) pills that were a mixture

and substance containing a detectable amount of oxycodone, a Schedule II controlled

substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

9

COUNT FIVE

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

On or about January 13, 2020, in the District of North Dakota, and elsewhere,

SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately one hundred and eighteen (118) pills that were a

mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

10

## COUNT SIX

### Distribution of Oxycodone

The Grand Jury Further Charges:

On or about January 13, 2020, in the District of North Dakota, and elsewhere,

SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately five (5) pills that were a mixture and substance containing a detectable

amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

COUNT SEVEN

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

On or about October 3, 2019, in the District of North Dakota, and elsewhere,

MARK ANTHONY SLAUGHTER, a/k/a NICK,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately two hundred and thirty-five (235) pills that were a

mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT EIGHT</u>

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

On or about December 3, 2018, in the District of North Dakota, and elsewhere,

GAYLEN MORAY WELLS,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately twenty-six (26) pills that were a mixture and substance

containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

13

COUNT NINE

**Possession with Intent to Distribute Oxycodone**

The Grand Jury Further Charges:

On or about December 18, 2018, in the District of North Dakota, and elsewhere,

GAYLEN MORAY WELLS,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately six hundred and nine (609) pills that were a mixture

and substance containing a detectable amount of oxycodone, a Schedule II controlled

substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

14

COUNT TEN

**Maintaining Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning in or about 2019 and continuing until in or about January 2020, in the

District of North Dakota, and elsewhere,

SKYE DANIEL DAVIS,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and

maintained any place, whether permanently or temporarily, for the purpose of distributing

and using any controlled substance; specifically, SKYE DANIEL DAVIS opened, used,

and maintained an apartment on Xavier Street in Bismarck, North Dakota, for purposes

of distributing a mixture and substance containing oxycodone, a Schedule II controlled

substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and

Title 18, United States Code, Section 2.

15

COUNT ELEVEN

**Maintaining Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning in or about 2018 and continuing until in or about 2019, in the District of

North Dakota, and elsewhere,

ELENA SHADE FRAGOZA,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and

maintained any place, whether permanently or temporarily, for the purpose of distributing

and using any controlled substance; specifically, ELENA SHADE FRAGOZA opened,

used, and maintained an apartment on Indiana Avenue in Bismarck, North Dakota, for

purposes of distributing a mixture and substance containing oxycodone, a Schedule II

controlled substance, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and

Title 18, United States Code, Section 2.

16

## COUNT TWELVE

**Possession with Intent to Distribute Heroin**

The Grand Jury Further Charges:

On or about January 28 - 29, 2020, in the District of North Dakota, and elsewhere,

ELIJAH K. THOMPSON and
CELIA SCHOEPP,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 45 grams (gross weight) of a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

17

<u>COUNT THIRTEEN</u>

**Distribution of Heroin**

The Grand Jury Further Charges:

On or about January 28 - 29, 2020, in the District of North Dakota, and elsewhere,

ELIJAH K. THOMPSON and
CELIA SCHOEPP,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately 3.5 grams of a mixture and substance containing a detectable amount of

heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

18

COUNT FOURTEEN

**Possession with Intent to Distribute Heroin**

The Grand Jury Further Charges:

On or about February 28, 2020, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately thirty-two (32) grams of a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

COUNT FIFTEEN

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about October 9, 2019, in the District of North Dakota,

COREY CALVIN ESLINGER,

knowing that he had previously been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, to wit:

- Possession of a Controlled Substance (Methamphetamine), a felony, on or about June 4, 2014, in McLean County, North Dakota, District Court, Case Number 28-2014-K-00126;

- Possession of a Controlled Substance (Methamphetamine), a felony, on or about November 12, 2015, in McLean County, North Dakota, District Court, Case Number 28-2015-K-00307; and

- Conspiracy to Commit Burglary (Count 5), Conspiracy to Commit Burglary (Count 7), Conspiracy to Commit Theft of Property (Count 8), and Conspiracy to Commit Burglary (Count 9), all felonies, on or about April 20, 2011, and revoked on or about March 25, 2014, in McLean County, North Dakota, District Court, Case Number 28-10-K-302,

did knowingly possess in and affecting commerce a firearm, that is, the following:

- One Glock, Model 42, .380 auto caliber pistol, Serial Number AAZP137;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

20

COUNT SIXTEEN

**Possession with Intent to Distribute Controlled Substances
(Heroin / Fentanyl mixture)**

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 20 grams of: (i) a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance, and (ii) a mixture and

substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

**Possession with Intent to Distribute Fentanyl**
**(40 grams or more – mixture)**

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"),

a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

**Possession with Intent to Distribute Methamphetamine**

The Grand Jury Further Charges:

On or about August 19, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute approximately 20 grams of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

COUNT NINETEEN

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about August 5, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately 1 gram of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

COUNT TWENTY

**Distribution of Controlled Substances (Heroin / Fentanyl)**

The Grand Jury Further Charges:

On or about August 5, 2019, in the District of North Dakota, and elsewhere,

COREY CALVIN ESLINGER,

individually, and by aiding and abetting, knowingly and intentionally distributed

approximately one-half (1/2) gram of: (i) a mixture and substance containing a detectable

amount of heroin, a Schedule I controlled substance, and (ii) a mixture and substance

containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

A TRUE BILL:


/s/ Foreperson
Foreperson

/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

RLV/sj

25

## REQUEST FOR WARRANT ON FILING OF AN INDICTMENT

TO:     Clerk, United States District Court
        District of North Dakota

1 : 20-cr - 68 - 03

The Grand Jury returned an Indictment on June 3, 2020, against STEPHEN TRAMELL MASON, a/k/a MACE, charging the following:

21 USC 846 – Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances

It is requested that you prepare and deliver to the United States Marshal for the District of North Dakota a warrant directed to the above-named defendant.

☒      The United States will not be in a position to recommend conditions of release until it has reviewed the bond study to be performed by Pretrial Services.

☐      The United States recommends that:

☐      Bail be set at $ _____

☐      Defendant be detained without bail.

COMMENTS:

Dated: 6/3/2020

DREW H. WRIGLEY
United States Attorney

Local AO 442 (Rev. 10/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

United States of America

v.                                              )
                                                )
Stephen Tramell Mason a/k/a Mace                )      Case No.   1:20-cr-68-03
                                                )
                                                )
_____        )
*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____ Stephen Tramell Mason a/k/a Mace _____,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances

Date:   06/04/2020

City and state:   Bismarck, ND

*/s/ Carla Schultz*
_____
*Issuing officer's signature*

Carla Schultz, Deputy Clerk
_____
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442  (Rev. 10/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____   Weight: _____

Sex: _____   Race: _____

Hair: _____   Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: ____

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____